IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK TOD MORRIS                                                    PLAINTIFF

V.                              CASE NO. 5:20-CV-05175

DR. MARK HEWITT, Urology Associates; and
VINCENT CHADICK, Attorney at Law                                  DEFENDANTS

## OPINION AND ORDER

Mark T. Morris ("Morris"), currently an inmate of the North Central Unit of the Arkansas Division of Correction, has filed this civil rights action pursuant to 42 U.S.C. § 1983.   He proceeds *pro se* and *in forma pauperis* ("IFP").

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").   Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks to proceed IFP.   28 U.S.C. § 1915A(a).   The Court must determine whether the Complaint should be served on Defendants.

## I.  BACKGROUND

According to the allegations of the Complaint, on August 7, 2013, Dr. Hewitt refused to perform surgery on Morris and dropped him as a patient due to the fact that he was incarcerated and the jail refused to send payment for the surgery.   (Doc. 1 at 4). Morris adds that he did not need to have the surgery at that time, but Dr. Hewitt required the surgery for monetary gain.   *Id.* at 5.   Morris maintains Dr. Hewitt engaged in malpractice and a conspiracy to defraud, and he failed to provide medical and payment records.   *Id.* at 4-5.

1

Morris previously filed a civil rights action against Sheriff Cradduck, Nurse Darla Watson, and the Siloam Springs Hospital, *Morris v. Cradduck, et al.,* Civil No. 5-14-cv-05096.   On June 22, 2016, Attorney Vincent Chadick was appointed to represent Morris, *pro bono*.   Defendants were granted summary judgment in that case on June 7, 2017, and the case was dismissed with prejudice.   Morris appealed, and the dismissal was affirmed by the Court of Appeals for the Eighth Circuit on March 30, 2020.   *Morris v. Cradduck*, 954 F.3d 1055 (8th Cir. 2020).

Morris alleges Attorney Chadick refused to obtain "all" his medical records after Morris signed a medical release.   (Doc. 1 at 5).   Morris further alleges that Attorney Chadick filed motions without notifying him and lost the case due to his failure to subpoena documents from third party doctors.   *Id.*   Morris maintains he was discriminated against because he was an inmate and denied due process.   *Id.*

## II.  LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether

2

a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## III.   DISCUSSION

Morris commenced this action on September 24, 2020.  His cause of action against Dr. Hewitt arose on August 7, 2013, when Dr. Hewitt allegedly refused to perform surgery on him.  Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985).  In Arkansas, this is the three-year personal-injury statute of limitations, Ark. Code Ann. § 16-56-105(3).  *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).  Morris's claims against Dr. Hewitt are barred by the statute of limitations as he did not commence this action until over four years after the statute of limitations expired.

Even if not barred by the statute of limitations, the claims against Dr. Hewitt would

be subject to dismissal, as is the claim against Attorney Chadick.   A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.   42 U.S.C. § 1983.   "Section 1983 secures most constitutional rights from infringement by governments, not private parties."   *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).   A private individual or entity does not act under color of law.   *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).   Thus, Dr. Hewitt, a private doctor, is not subject to suit under § 1983. Similarly, a private attorney does not act under color of law for purposes of § 1983. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999) ("[T]he conduct of counsel generally does not constitute action under color of law."); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) ("The conduct of counsel, either retained or appointed, in representing clients does not constitute action under color of state law for purposes of a § 1983 violation.").

## IV.   CONCLUSION

For the foregoing reasons, Morris's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) because they are barred by the statute of limitations and fail to state claims upon which relief may be granted.

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).   The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

4

**IT IS SO ORDERED** on this 19th day of October, 2020.


/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE